Clarence L. JOHNSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–CA–1285–MR.

Court of Appeals of Kentucky.

April 29, 1994.

---

**106**

Thomas Louis Conn, Lexington, for appellant.

Chris Gorman, Atty. Gen., Sharon Kay Hilborn, Asst. Atty. Gen., Frankfort, for appellee.

Before GARDNER, JOHNSTONE and MILLER, JJ.

JOHNSTONE, Judge.

Clarence L. Johnson appeals a jury verdict of the Fayette Circuit Court finding him guilty of second-degree burglary. He was sentenced to five years in the penitentiary, which was enhanced to ten years pursuant to his conviction for being a persistent felony offender in the second degree. We affirm.

On January 12, 1993, Deron Weathers was talking on the telephone at his home in Lexington when he saw Johnson jump his back fence. Weathers watched as Johnson approached Weathers' house, pulled an object out of his pocket, cut through the screen, put his hand through and opened the door to the screened-in porch. Weathers, a peace officer at a local university, told his caller to notify the police. He then retrieved his badge and gun and exited the front of the house. Weathers came up behind Johnson, who had entered the screened-in porch and the screen door to the house and was attempting to open the back door of the house, and held his gun on Johnson and told him to freeze. Johnson claimed that he was "just cutting through" and that "a friend of mine lives through" and that "a friend of mine lives

here." The police soon arrived and arrested Johnson. He was indicted for burglary in the second degree and for being a second-degree persistent felony offender.

■ At the close of the Commonwealth's evidence at trial, Johnson's counsel made a motion for a directed verdict on the second-degree burglary charge, on the grounds that the Commonwealth had not established that Johnson had entered a "dwelling," per KRS 511.030. Johnson's counsel also moved for the introduction of instructions on criminal attempt and criminal trespass. The trial court denied the motions for directed verdict and a criminal attempt instruction, but it granted the motion for an instruction on criminal trespass. The jury found Johnson guilty of second-degree burglary. Johnson now appeals on the grounds that the trial court erred by failing to direct a verdict of not guilty on the offense of second-degree burglary, and that the trial court erred by denying his motion for an instruction on criminal attempt.

KRS 511.030 provides:

Burglary in the second degree. (1) A person is guilty of burglary in the second degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a dwelling.

(2) Burglary in the second degree is a Class C felony.

KRS 511.010(2) defines "dwelling" as "a building which is usually occupied by a person lodging therein." Johnson claims that entry into the screened-in porch did not constitute entry into the "dwelling," and that he was unsuccessful in entering the actual dwelling. Johnson argues that porches are "qualitatively different from the interior of a house or other building," and that "no one would conclude a burglary is committed when a person opens an unlocked screen door to a porch."

Kentucky courts have not addressed the issue of whether entry into a porch constitutes entry into a "dwelling." However, in *Stewart v. Commonwealth,* Ky.App., 793 S.W.2d 859 (1990), this Court adopted the following test: "if a structure's use 'contributes materially to the comfort and conve-

nience of habitation in the dwelling house,' ... then it will be considered part of the dwelling for purposes of the burglary statute." *Id.* at 860 (quoting Annotation, 43 A.L.R.2d 831, 835 (1955)). The *Stewart* Court determined that a basement with no interior entrance to the house constituted part of the dwelling within the meaning of KRS 511.030.

In this case, the screened-in porch was attached to the house and completely contained under the roof of the house. Doors directly connected the porch to the interior of the house. Weathers testified that the family occasionally ate, played games, and stored belongings on the porch. Considering these facts, we agree with the trial judge that Weathers' screened-in porch clearly satisfies the test of "contributing materially to the comfort and convenience of habitation in the dwelling house," and qualifies as part of the "dwelling" per KRS 511.030.

■ Turning to Johnson's arguments, he first contends the trial court erred by failing to direct a verdict on the second-degree burglary charge. The court should not direct a verdict of acquittal unless reasonable minds could not fairly find guilt beyond a reasonable doubt. *Commonwealth v. Sawhill,* Ky., 660 S.W.2d 3 (1983). Furthermore, the trial court must draw all fair and reasonable inferences from the evidence in favor of the party opposing the motion. *Id.* Given the testimony and evidence in this case, especially the fact that Johnson cut through the screen to open the porch door which could not be opened from the outside, reasonable minds could find Johnson guilty of second-degree burglary. Therefore, the trial court did not err by denying Johnson's motion for directed verdict.

■ Johnson also contends that the trial court erred by failing to instruct the jury on criminal attempt. KRS 506.010(1) defines criminal attempt as follows:

(1) A person is guilty of criminal attempt to commit a crime when, acting with the kind of culpability otherwise required for commission of the crime he:

(a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

(b) Intentionally does or omits to do anything which, under the circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime.

■ The general rule on instructions is that "the court is required to instruct on every state of the case reasonably deducible from the evidence." *Sanborn v. Commonwealth,* Ky., 754 S.W.2d 534, 549 (1988) (quoting *Ragland v. Commonwealth,* Ky., 421 S.W.2d 79, 81 (1967)). Johnson contends that it was the province of the jury to decide whether the porch constituted part of the dwelling, or whether his trek into the porch fell short of the conduct required by the burglary statute. We disagree.

The question of whether the porch constituted part of the "dwelling" for purposes of KRS 511.030 was a question of law for the trial judge. *See Stewart,* 793 S.W.2d 859; *Haynes v. Commonwealth,* Ky., 657 S.W.2d 948 (1983); *Starnes v. Commonwealth,* Ky., 597 S.W.2d 614 (1980); *Shackelford v. Commonwealth,* Ky.App., 757 S.W.2d 193 (1988). Consequently, we find that, given the evidence presented, the trial judge did not err by refusing to instruct the jury on criminal attempt after he had determined that the porch constituted part of the dwelling.

For the foregoing reasons, we affirm the judgment of the Fayette Circuit Court.

All concur.