Jamah K. GROSVENOR, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 47,2004.

Supreme Court of Delaware.

Submitted: March 24, 2004.
Decided: May 12, 2004.

Before HOLLAND, BERGER, and JACOBS, Justices.

HOLLAND, Justice.

This 12th day of May 2004, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

1. Supr. Ct. R. 25(a).

1) The defendant-appellant, Jamah Grosvenor, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. The State has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Grosvenor's opening brief that the appeal is without merit.[1] We agree and affirm the Superior Court's judgment.

2) Grosvenor was arrested in the early morning of August 28, 2000 after a Wilmington resident called police to say that a naked man had broken into her porch. When police arrived, they found Grosvenor inside the enclosed porch throwing patio furniture. When the police tried to subdue him, Grosvenor struck an officer with an object. Other officers arrived and took Grosvenor into custody. While escorting him to the police vehicle, Grosvenor broke free and was captured a few moments later.

3) Grosvenor was indicted on charges of Burglary in the Second Degree, Criminal Mischief, Assault in the Second Degree, and Resisting Arrest. He pled guilty in December 2000 to one count of Burglary in the Third Degree and one count of Assault in the Third Degree. Grosvenor's sentence of incarceration was suspended for two and a half years of supervised probation.

4) In August 2002, Grosvenor was sentenced to incarceration following a violation of probation proceeding. He did not file an appeal. Grosvenor did file motion for sentence reduction in October 2002, which the Superior Court denied. Thereafter, he filed a motion for postconviction relief under Superior Court Criminal Rule 61. In his petition for postconviction relief, Grosvenor asserted that the indictment against him was invalid. He also

alleged that his trial counsel was constitutionally ineffective in several respects. The Superior Court addressed each of Grosvenor's claims in detail and denied the petition. This appeal ensued.

5) In his opening brief, Grosvenor appears to assert two claims. First, Grosvenor alleges that the Superior Court lacked jurisdiction to accept his guilty plea to the burglary count because the facts did not support such a charge. Second, Grosvenor asserts that his trial counsel was ineffective in several respects and that his counsel's ineffectiveness caused him to enter a guilty plea.

6) Grosvenor asserts that his counsel was ineffective for waiving his preliminary hearing, for failing to investigate his intoxication as a defense to the burglary charge, for failing to file a motion to dismiss the burglary charge on the grounds that he lacked the necessary intent and because the porch was not a "dwelling," [2] and for failing to advise him that the charges to which he pled guilty were felonies.

7) Although framed as a challenge to the Superior Court's subject matter jurisdiction, Grosvenor's first claim—that the facts do not support a charge of burglary—clearly is a challenge to the Grand Jury's indictment. As the Superior Court properly noted, however, Criminal Rule 61(i)(3) bars this claim because it was not raised in the proceedings leading to the judgment of conviction, *unless* Grosvenor can show cause and prejudice. In this case, Grosvenor asserts his attorney's ineffective assistance as the cause for his failure to raise the claim in a timely manner.

8) To support a claim of ineffective assistance of counsel, Grosvenor must demonstrate that (a) his counsel's conduct fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty but would have insisted on going to trial.[3] A defendant asserting a claim of ineffective assistance is required to make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel to avoid summary dismissal.[4] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[5] Even if we assume without deciding that Grosvenor's claims satisfy the "cause" prong of the *Strickland* test,[6] it is clear that Grosvenor has failed to establish any prejudice.

9) To the extent Grosvenor asserts that the burglary charge would have been dismissed following a preliminary hearing, there is nothing in the record to substantiate such a contention. Grosvenor informed his counsel that he could not remember the events leading to his arrest. Consequently, trial counsel's waiver of the preliminary hearing provided a material benefit to Grosvenor because the State provided the defense with a copy of the police report in exchange for the waiver.

10) Grosvenor also challenges his trial counsel's alleged failure to file a mo-

---

2. *See* Del.Code Ann. tit. 11, § 825(1) (1995 & Supp.2000) (providing that a person is guilty of second degree burglary when the person knowingly enters a dwelling with intent to commit a crime).

3. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

4. *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

5. *Albury v. State*, 551 A.2d 53, 59 (Del.1988).

6. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

tion to dismiss the burglary charge. According to Grosvenor, his trial counsel could have established involuntary intoxication as a defense to the charge.[7] Although he claims that he unwittingly was fed marijuana-laced brownies that triggered a chemical imbalance in his brain, Grosvenor does not dispute that he was unable to provide his trial counsel with any details about the individuals who provided him the brownies. In the absence of any corroborating evidence, a partial motion to dismiss the burglary charge on the ground of involuntary intoxication would have been unsuccessful.

■ 11) Grosvenor contends that the enclosed porch, which was attached to the victim's house, was not a "dwelling" for purposes of the burglary statute. That issue has been considered and rejected in other jurisdictions.[8] Accordingly, if Grosvenor had not pled guilty but had insisted on going to trial, the overwhelming evidence of his guilt would have led to his convictions and likely a more severe sentence than the supervised probation that resulted from his guilty plea.

■ 12) Grosvenor asserts that his trial counsel failed to inform him that he was pleading guilty to two felonies. The record does not support his contention. During the guilty plea colloquy, Grosvenor expressed his understanding of the charges to which he was pleading and the maximum penalties for each charge. There is nothing to suggest that Grosvenor was operating under any misapprehension about the felonious nature of the crimes. The record reflects that Grosvenor's guilty plea was knowing and voluntary.[9]

13) Having carefully considered the parties' respective positions, we find it manifest that the judgment of the Superior Court should be affirmed. The Superior Court's conclusion that Grosvenor's claims lacked merit is supported by the record and the product of an orderly deductive process. It was a proper exercise of discretion for the Superior Court to decide Grosvenor's petition without holding a hearing.[10]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

---

7. Del.Code Ann. tit. 11, § 423.

8. *See Weber v. State,* 776 So.2d 1001, 1003–04 (Fla.Dist.Ct.App.2001); *Johnson v. Commonwealth,* 875 S.W.2d 105, 106 (Ky.Ct.App. 1994).

9. *See Somerville v. State,* 703 A.2d 629, 632 (Del.1997).

10. *See Maxion v. State,* 686 A.2d 148, 151 (Del.1996).