# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,           )
                             )
                             )
             v.              )
                             )
MIGUEL A.                    )      Cr. A. No. 1812002465
CAMPUSANO-TEJADA,            )
                             )
       Defendant.            )
                             )

Date Submitted: May 15, 2020
Date Decided: August 19, 2020

On Defendant Miguel A. Campusano-Tejada's Motion for
Post Conviction Relief. **DENIED**.

## ORDER

### Background

On December 19, 2018, Defendant was arrested in Maryland and extradited to Delaware on a Newark Police Department arrest warrant.[1] Defendant was later charged by a New Castle County Grand Jury with various counts of Drug Dealing Heroin, Aggravated Possession of Heroin, Conspiracy Second Degree, and Possession of Drug Paraphernalia.[2]

---

[1] State's Resp. to Def.'s Mot. for Postconviction Relief at p. 4.
[2] *Id.* at p. 5.

1

On March 5, 2019, Defendant pled guilty to Drug Dealing Heroin Tier 2 and Conspiracy Second Degree.[3] The remaining charges were *nolle prossed.*[4] On July 12, 2019, this Court sentenced Defendant to fifteen (15) years at Level 5, suspended after two (2) years, after which descending levels of Probation would follow.[5] On August 8, 2019, Defendant filed a Motion to Reduce Sentence.[6] Defendant also filed a *pro se* Motion for Appeal of Sentence on August 13, 2019.[7] This Court denied Defendant's Motion to Reduce Sentence on August 23, 2019 and Defendant's Motion for Appeal of Sentence on September 16, 2019.[8] On October 8, 2019, Defendant filed the instant *pro se* Motion for Post-Conviction Relief ("Defendant's Motion").[9]

## Defendant's Assertions

Defendant raises fifteen claims for relief. These claims can be summarized as a request for Postconviction relief due to (1) his Preliminary Counsel's or Trial Counsel's ineffective assistance of counsel, or (2) this Court erred or abused its discretion at sentencing.

---

[3] *Id.*
[4] *Id.* at p. 6.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at p. 7.

## Discussion

In this case, the Defendant pled guilty knowingly, intelligently, and voluntarily to Drug Dealing Heroin Tier 2 and Conspiracy Second Degree. It is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, "even those of constitutional dimensions."[10] These rights include the right: (1) to have a lawyer represent the defendant at trial; (2) to be presumed innocent until the State can prove each and every part of the charge(s) against the defendant beyond a reasonable doubt; (3) to a speedy and public trial by jury; (4) to hear and question the witnesses against the defendant; (5) to present evidence in the defendant's defense; (6) to testify or not testify; (7) to appeal, if convicted, to the Delaware Supreme Court with the assistance of a lawyer.[11] Furthermore, a defendant's valid guilty plea waives any right to challenge the strength of the State's evidence.[12]

However, despite this, Defendant has sought to Motion this Court repeatedly and request relief. As such, the Court considers these numerous writings to be borderline frivolous in consideration of the fact that Defendant pled guilty. Within

---

[10] *Wilson v. State*, 2010 WL 572114, at *2 (Del. Feb.18, 2010) (*quoting Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).
[11] *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015).
[12] *Brown v. State*, 108 A.3d 1201, 1202 (Del. 2015).

this Motion, Defendant requests relief primarily on the basis of alleged errors that allegedly occurred before the entry of his guilty plea, which the Defendant gave up the rights to do so.[13] However, this Court will entertain Defendant's claims.

## A. Initial Procedural Analysis

The Court must address Defendant's motion in regard to Rule 61(i) procedural requirements before assessing the merits of his motion.[14] Rule 61(i)(1) bars motions for postconviction relief if the motion is filed more than one year from final judgment. Defendant's Motion is not time barred by Rule 61(i)(1). Rule 61(i)(2)[15] bars successive postconviction motions, which is also not applicable as this is Defendant's first postconviction motion. Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[16] This bar is applicable to Defendant's assertion that this Court abused its discretion or otherwise erred in Claim Four, Five, or Ten; however, it is not applicable where Defendant claims ineffective assistance of counsel – which could not have been raised in any direct appeal.[17] Finally, Rule 61(i)(4) bars relief if the

---

[13] *See Wilson v. State,* 2010 WL 572114, at *2 (Del. Feb.18, 2010) (*quoting Smith v. State,* 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).
[14] Super. Ct. Crim. R. 61(i)(1).
[15] Super. Ct. Crim. R. 61(i)(2).
[16] Super. Ct. Crim. R. 61(i)(3).
[17] *See State v. Berry,* 2016 WL 5624893, at *4 (Del. Super. Ct. June 29, 2016); *see also Watson v. State,* 2013 WL 5745708, at *2 (Del. Oct. 21, 2013).

4

motion is based on a formally adjudicated ground.[18] This bar is also not applicable to Defendant's Motion.

## B. Substantive Analysis Standard

Defendant has raised claims of ineffective assistance of counsel. Delaware adopted the two-prong test proffered in *Strickland v. Washington* to evaluate ineffective assistance of counsel claims.[19] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[20] The Court's "review of counsel's representation is subject to a strong presumption that representation was professionally reasonable."[21] The "benchmark for judging any claim of ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[22] Furthermore,

---

[18] Super. Ct. Crim. R. 61(i)(4).
[19] *See Strickland v. Washington*, 466 U.S. 668 (1984); *see also Albury v. State*, 551 A.2d 53 (Del. 1988).
[20] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990); *see also Strickland v. Washington*, 466 U.S. 668 (1984).
[21] *Id.*
[22] *State v. Wright*, 2015 WL 648818, (Del. Super. Ct. Feb. 12, 2015)(citations omitted).

because Defendant pled guilty, Defendant "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[23]

Defendant asserts fifteen (15) claims that involve ineffective assistance of counsel, or abuse of discretion or error by this Court. The Court will visit each argument, address each one on the merits, and determine whether trial counsel was, in fact, ineffective.

**Claim One**: Preliminary Hearing Counsel was ineffective because he failed to investigate or file a Motion to Dismiss because the police never "gave him his Miranda warnings" at any time.[24] The State argues that motions based on evidentiary issues are not heard at preliminary hearings.[25] Further, the State argues that "the protections afforded a person who is subject of a custodial interrogation are not applicable to Defendant" here because "[t]here was no custodial interrogation of Defendant with respect to the drug dealing investigation and no statement made by Defendant" exists that the State would have sought to present at trial. For this analysis, under the *Strickland* standard of ineffectiveness, Defendant must show that "but for his counsel's errors, he would not have pled guilty but

---

[23] *Hill v. Lockhart*, 474 U.S. 52, 58 (Nov. 17, 1985).
[24] Mot. for Postconviction Relief at p. 2.
[25] State's Resp. to Def.'s Mot. at p. 10.

6

would have insisted on going to trial."[26] The Court holds that this claim is without merit. Defendant entered a guilty plea voluntarily and preliminary counsel did not commit an error by not filing a Motion to Dismiss or a Motion in Limine to Suppress Evidence at the preliminary stage. These types of Motions are not made at the preliminary stage. Last, without even an allegation that Defendant would not have pled guilty but for counsel's alleged errors, Defendant cannot succeed on any claim of ineffective assistance of counsel after entering a guilty plea.[27] As such, this claim fails.

**Claim Two**: In the interest of "judicial economy[,]" Defendant reiterates his first argument and provides further that Trial Counsel provided ineffective assistance under Miranda. Defendant's argument here is without merit. No trial occurred in this matter, nor is there any evidence that statements made by Defendant were used against him in securing a guilty plea. Further, by entering a guilty plea, Defendant waived his right to challenge any lack of *Miranda* warnings.[28] Last, without even an allegation that Defendant would not have pled guilty but

---

[26] *Grosvenor v. State*, 849 A.2d 33, 35 (Del. 2004), citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

[27] *Id.*

[28] *See Duffy v. State*, 2019 WL 459982, at *2 (Del. 2019) (citing to *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003)).

7

for counsel's alleged errors, Defendant cannot succeed on any claim of ineffective assistance of counsel after entering a guilty plea.[29] As such, this claim fails.

**Claim Three**: Defendant has alleged that "trial counsel provided ineffective assistance[] by failing to investigate, learn or know of applicable laws under 'double jeopardy' principles under *Blockburger v. United States*, 284 U.S. at 304 (1932) against prosecution for "Drug Dealing" pursuant to 16 *Del. C.* § 4751."[30] Defendant entered a guilty plea for one count of Drug Dealing Heroin Tier 2 and one count of Conspiracy Second Degree. The Court finds no double jeopardy claim available to the charges which Defendant pled guilty. Regardless, a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, "even those of constitutional dimensions."[31] Further, without an allegation that Defendant would not have pled guilty but for counsel's alleged errors, Defendant cannot succeed on any claim of ineffective assistance of counsel.[32] As such, this claim fails.

---

[29] *Grosvenor v. State*, 849 A.2d 33, 35 (Del. 2004), citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

[30] Mot. for Postconviction Relief at p. 3.

[31] *Wilson v. State*, 2010 WL 572114, at *2 (Del. Feb.18, 2010) (*quoting Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).

[32] *Grosvenor v. State*, 849 A.2d 33, 35 (Del. 2004), citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

8

**Claim Four:**[33] Defendant alleges that this Court "abused its discretion by convicting him for 'Drug Dealing' where there is a lack of sufficient evidence [sic]" to prove a particular element of the statute he was indicted under.[34] Defendant cites to a statute that is not the statute he was indicted under.[35] Defendant was indicted under 16 *Del. C.* § 4752, a Class B felony that considers aggravating factors. Defendant later pled guilty to a lesser included offense, 16 *Del. C.* § 4753, a Class C felony that does not consider aggravating factors.

16 *Del. C.* § 4752 provides:

§ 4752 Drug dealing or possession; class B felony.
    (a) Except as authorized by this chapter, it is unlawful for any person to do any of the following:
        (1) Manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance in a Tier 3 quantity.
        (2) Possess a controlled substance in a Tier 3 quantity.
        (3) Manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance in a Tier 2 quantity and an aggravating factor applies.
    (b) Violation of subsection (a) of this section is a class B felony.

16 *Del. C.* § 4753 provides:

§ 4753 Drug dealing or possession; class C or E felony.
    (a) Except as authorized by this chapter, it is unlawful for any person to do any of the following:
        (1) Manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance in a Tier 2 quantity.

---

[33] Defendant mistakenly repeats "Argument Five" twice. The Court reads the first mention of "Argument Five" as the Fourth Claim and the second mention as the Fifth Claim.

[34] Mot. for Postconviction Relief at p. 4.

[35] § 4753A(a)(1) was repealed by the Delaware General Assembly in September 2011 and has not been relevant since.

(2) Possess a controlled substance in a Tier 2 quantity.

(b)    (1) Violation of subsection (a)(1) of this section is a class C felony.

(2) Violation of subsection (a)(2) of this section is a class E felony

Defendant's argument here is misplaced. The Defendant cites to an outdated and separate statute altogether[36] and claims he should not have been indicted under this separate statute.[37] However, Defendant was cited under § 4752 and later pled guilty to the lesser included offense under § 4753. The Court could not have abused its discretion because the Court did not have anything to do with the indictment nor the plea arrangement between the Defendant and the State. The Court merely accepted Defendant's knowing, intelligent, and voluntary guilty plea after the Court confirmed that Defendant was aware of what he was pleading guilty to.[38]

> **The Court**: Do you understand, sir, that before you can be found guilty to any charge in this Court you have a right to a trial?
> **The Defendant**: Yes.
> **The Court**: Do you understand that by pleading guilty here today you waive or give up the rights that go along with trial?
> **The Defendant**: Yes.
> **The Court**: That includes the right to have your lawyer represent you during a trial proceeding, to be presumed innocent until the State could prove each and every part of the charges against you beyond a reasonable doubt. It would be a speedy and public trial by a jury. You could hear and question the witnesses against you, present evidence in your own defense at trial, and testify or not testify at trial as you see fit. Do you understand those trial rights?

---

[36] Defendant is citing to 16 Del. C. § 4753A(a)(1). § 4753A(a)(1) was repealed by 78 Laws 2011, ch. 13 § 39, on September 1, 2011.

[37] Mot. for Postconviction Relief at p. 4.

[38] Sentencing Colloquy Tr. at pp. 5-7.

**The Defendant**: Yes.
**The Court**: Do you understand that you are giving those up?
**The Defendant**: Yes.

[...]

**The Court**: [...] [I]n violation of Title 16, Section 4753(1) of the Delaware Code, you, on or between 25th day of July, 2018, and the 25th day of November, 2018, in this county and state did knowingly deliver two grams or more of heroine or any mixture that contained heroine. Do you understand those charges, sir?
**The Defendant**: Yes.
**The Court**: How do you plead to that charge?
**The Defendant**: Guilty.[39]

Regardless, this contention invokes the procedural bar under Rule 61(i)(3) – which bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[40] As such, this claim fails.

**Claim Five**: Defendant asserts that his conviction cannot stand under 16 *Del. C.* § 4753(3) because the necessary weight under this subsection is not met.[41]

It appears that Defendant is citing 16 *Del. C.* § 4753A(a)(3). As mentioned earlier, this section was repealed in September of 2011. Defendant entered a guilty plea for 16 *Del. C.* § 4753.

The statute that Defendant believes he was charged with, 16 *Del. C.* § 4753A(a)(3), states as follows:

> Any person who, on any single occasion, knowingly sells, manufactures, delivers or brings into this State, or who is knowingly in actual or constructive possession of 2.5 grams or more of any morphine, opium or any salt, isomer or salt of an isomer thereof, including heroin, as described in § 4714 of this title, or

---

[39] *Id.*
[40] Super. Ct. Crim. R. 61(i)(3).
[41] Mot. for Postconviction Relief at p. 5.

2.5 grams or more of any mixture containing any such substance, is guilty of a class B felony, which felony shall be known as "trafficking in illegal drugs." [...].

The statute that Defendant pled guilty to, 16 *Del. C.* § 4753, states as follows:

§ 4753 Drug dealing or possession; class C or E felony.
(a) Except as authorized by this chapter, it is unlawful for any person to do any of the following:
(1) Manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance in a Tier 2 quantity.
(2) Possess a controlled substance in a Tier 2 quantity.

(b)    (1) Violation of subsection (a)(1) of this section is a class C felony.
(2) Violation of subsection (a)(2) of this section is a class E felony

Defendant was indicted under § 4752 and later pled guilty to § 4753 for eleven deliveries of heroin of more than three (3) grams.[42] This is a Tier 2 weight for Drug Dealing and a Tier 3 weight for Aggravated Possession. § 4753(3) is an outdated statute that was not relevant at the time that Defendant was indicted.[43] As such, this claim is without merit.

**Claim Six**: Defendant asserts a claim for ineffective assistance of counsel for his counsel failing to investigate and raise an "entrapment" defense.[44] A knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, "even those of constitutional

---

[42] State's Resp. to Def.'s Mot. at p. 10.
[43] State's Resp. to Def.'s Mot. for Postconviction Relief at p. 11.
[44] Mot. for Postconviction Relief at p. 6.

12

dimensions."[45] Further, without an allegation that Defendant would not have pled guilty but for counsel's alleged errors, Defendant cannot succeed on any claim of ineffective assistance of counsel.[46] As such, this claim is without merit.

**Claim Seven**: Defendant asserts a claim for ineffective assistance of counsel for failing to investigate a defense to the charge of Conspiracy Second Degree.[47] Defendant admitted he was part of a conspiracy with others to sell drugs when he entered his guilty plea.[48] A knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, "even those of constitutional dimensions."[49]Further, without even an allegation that Defendant would not have pled guilty but for counsel's alleged errors, Defendant cannot succeed on any claim of ineffective assistance of counsel after entering a guilty plea.[50] As such, this claim is without merit and Defendant has not met his burden.

---

[45] *Wilson v. State,* 2010 WL 572114, at *2 (Del. Feb.18, 2010) (*quoting Smith v. State,* 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).

[46] *Grosvenor v. State,* 849 A.2d 33, 35 (Del. 2004), citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985).

[47] Mot. for Postconviction Relief at p. 7.

[48] *Id.,* Ex. I.

[49] *Wilson v. State,* 2010 WL 572114, at *2 (Del. Feb.18, 2010) (*quoting Smith v. State,* 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).

[50] *Grosvenor v. State,* 849 A.2d 33, 35 (Del. 2004), citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985).

**Claim Eight**: Defendant alleges that "counsel provided ineffective assistance for failing to investigate the State's evidence regarding the controlled drug buys 'chain of custody[.]'"[51] Further, Defendant argues that evidence would not have been admitted on the basis that the chain of custody requirement would not be met.[52] Defendant, without suggesting how the chain of custody requirement would not have been met, provides a conclusory statement that evidence would have been suppressed had his counsel filed a Motion to Suppress on this legal theory. No evidence that the chain of custody was improper has been presented to the Court.

A knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, "even those of constitutional dimensions."[53] Furthermore, without an allegation that Defendant would not have pled guilty but for counsel's alleged errors, Defendant cannot succeed on any claim of ineffective assistance of counsel after entering a guilty plea.[54] As such, this

---

[51] Mot. for Postconviction Relief at p. 8.

[52] *Id.*

[53] *Wilson v. State,* 2010 WL 572114, at *2 (Del. Feb.18, 2010) (*quoting Smith v. State,* 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).

[54] *Grosvenor v. State,* 849 A.2d 33, 35 (Del. 2004), citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985).

claim is without merit and Defendant fails to meet his burden for ineffective assistance of counsel.

**Claim Nine**: Defendant argues that his counsel was ineffective for failing to investigate the "State's chemist used in conducting the test, learn of machines or electronic devices, inspection appropriateness, chemist personnel file for text reprimands or suspicions, or chemist education or certification."[55] However, Defendant has presented nothing to indicate that there were any inaccuracies or other issues with the aforementioned that would render the tests conducted inadmissible or inaccurate. A knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, "even those of constitutional dimensions."[56] Further, the Defendant pled guilty and has not alleged that he would have pled not guilty but for his counsel's alleged ineffectiveness.[57] As a result, this claim is without merit and Defendant fails to meet his burden for ineffective assistance of counsel.[58]

[55] Mot. for Postconviction Relief at p. 9.

[56] *Wilson v. State,* 2010 WL 572114, at *2 (Del. Feb.18, 2010) (*quoting Smith v. State,* 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).

[57] *Grosvenor v. State,* 849 A.2d 33, 35 (Del. 2004), citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985).

[58] *Grosvenor v. State,* 849 A.2d 33, 35 (Del. 2004), citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985).

**Claim Ten**: Defendant argues that his "conviction and sentencing for 'drug conspiracy' is illegal because no assessment of amount of drugs has been specifically accountable to him[.]"[59] This argument is without merit. Defendant pled guilty to the offenses of Drug Dealing Tier 2. The amount of drugs has been attributed to him because he said it was.[60] Regardless of this, this claim is barred by Rule 61(i)(3). As such, this claim is without merit.

**Claim Eleven**: Defendant argues that his counsel was ineffective for failing to file a Suppression Motion for evidence seized from his Maryland residence under a Maryland search warrant executed in Maryland.[61] This claim is without merit. Defendant's Delaware counsel would be unable to challenge a Maryland search warrant in a Delaware Court.

**Claims Twelve:** Defendant claims his counsel was ineffective for "failing to investigate the State's case and thereafter[] file a Suppression Motion on all evidence seized through the monitoring of out-going and incoming phone calls under the Pen Register Device placed on his cell-phone under illegal search and seizure."[62] A knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, "even those of

---

[59] Mot. for Postconviction Relief at p. 10.
[60] Sentencing Colloquy Tr. at pp. 5-7.
[61] *Id.* at p. 11.
[62] Mot. for Postconviction Relief at p. 13.

16

constitutional dimensions."[63]Furthermore, Defendant does not allege that he would not have pled guilty in the absence of this error.[64] As a result, Defendant fails to meet his burden for ineffective assistance of counsel.

**Claim Thirteen:** Defendant claims that his counsel was ineffective for "failing to investigate [the] State's case and thereafter[] file [a] Suppression Motion on all evidence collected through the use of the Global Positioning System (GPS) as unreasonable in violation of his Fourth Amendment protections."[65] Defendant pled guilty. A knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, "even those of constitutional dimensions."[66] Furthermore, Defendant does not allege that he would not have pled guilty in the absence of this error. As a result, Defendant fails to meet his burden for ineffective assistance of counsel.

**Claim Fourteen:** Defendant claims his counsel was ineffective for "failing to file [a] Motion to Suppress [on] any and all evidence seized or collecting during

---

[63] *Wilson v. State,* 2010 WL 572114, at *2 (Del. Feb.18, 2010) (*quoting Smith v. State,* 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).
[64] *Grosvenor v. State,* 849 A.2d 33, 35 (Del. 2004), citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985).
[65] *Id.* at p. 14.
[66] *Wilson v. State,* 2010 WL 572114, at *2 (Del. Feb.18, 2010) (*quoting Smith v. State,* 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).

17

[the] State's investigation in violation of his fourth amendment protections."[67] A knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, "even those of constitutional dimensions."[68] Furthermore, Defendant does not allege that he would not have pled guilty in the absence of this error. As a result, Defendant fails to meet his burden for ineffective assistance of counsel.[69]

**Claim Fifteen**: Defendant argues that his counsel was ineffective "by not reporting prosecuting attorney 'misconduct' by interfering with client-attorney relationship."[70] More specifically, he contends that "[a]t sentencing, the prosecutor relayed to counsel, to inform his client and his family members there as moral support and character witnesses not to speak because the prosecutor had advised him [] [t]hat if they did it would 'piss' him off and speak against the plea agreement sentencing terms."[71] The State denies any misconduct.[72] The State asserts "[the] Deputy informed Trial Counsel that generally the Court does not

---

[67] Mot. for Postconviction Relief at p. 14.
[68] *Wilson v. State*, 2010 WL 572114, at *2 (Del. Feb.18, 2010) (*quoting Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).
[69] *Grosvenor v. State*, 849 A.2d 33, 35 (Del. 2004), citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).
[70] Mot. for Postconviction Relief at p. 16.
[71] *Id.*
[72] State's Resp. to Def.'s Mot. for Postconviction Relief at p. 17.

18

allow the defendant's family members to speak at sentencing – usually only victims or their representatives speak at sentencing and there was no victim in this case – and that the State would object to any such family members addressing the Court as inappropriate."[73]

The Court finds no wrongdoing. Reference letters written by some of Defendant's family members were included in the pre-sentence investigation report, including Defendant's mother. Defendant appears to be upset that his mother was unable to speak at sentencing, however this Court had read her Reference letter. Hearing her speak at sentencing would have been redundant. Further, the Defendant does not allege that he would not have pled guilty but for the alleged errors. As a result, Defendant has failed to meet his burden for alleging ineffective assistance of counsel.[74]

After reviewing Defendant's Motion for Postconviction relief, the State's Response, Affidavits from both Preliminary Counsel and Trial Counsel, and the Defendant's Reply to such Affidavits, the Court finds that Defendant's Motion for Postconviction Relief based on ineffective assistance of counsel is without merit. Defendant's claims do not demonstrate that trial counsel acted outside the

---

[73] *Id.* at p. 17.
[74] *Grosvenor v. State*, 849 A.2d 33, 35 (Del. 2004), citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

*Strickland* standard of reasonableness, nor would have the result been different but for these alleged errors. Additionally, Defendant knowingly, intelligently, and voluntarily plead guilty to the charges on May 5, 2019. Accordingly, Defendant's Motion for Postconviction Relief is DENIED.

**IT IS SO ORDERED.**

_____
The Honorable Calvin L. Scott, Jr.

20