**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MANLIO MORALES, | ) | Cr. A. No. 1801012249 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Decided: April 1, 2021

Upon Defendant Manlio Morales' Motion for Post Conviction Relief
**DENIED**.

Upon Benjamin S. Gifford IV, Esquire's Motion to Withdraw as Counsel
**GRANTED**.

## <u>ORDER</u>

Timothy Maguire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Benjamin S. Gifford IV, The Law Office of Benjamin S. Gifford IV, Wilmington, Delaware, Attorney for Defendant Manlio Morales.

Eugene J. Maurer, Jr., Eugene J. Maurer, Jr., P.A., Wilmington, Delaware, Trial Counsel for Defendant Manlio Morales.

**SCOTT, J.**

1

## BACKGROUND

On January 22, 2018, the driver of a White Chrysler Sebring failed to signal prior to turning in Wilmington, Delaware. Having witnessed the traffic violation, the Wilmington Police Department conducted a traffic stop. The execution of a search warrant during the traffic stop prior to his arrest revealed a box holding approximately 2,000 grams, or 2 kilos, of cocaine. As a result, Defendant Manlio Morales ("Mr. Morales") was arrested after a traffic stop in Wilmington, Delaware.[1] Mr. Morales was later indicted by a New Castle County Grand Jury with Drug Dealing, Aggravated Possession, Conspiracy in the Second Degree, and various other low-level offenses.[2]

Mr. Morales was represented in this Court by Mr. Eugene Maurer, Esquire ("Trial Counsel"). On April 24, 2018, Trial Counsel filed a Motion to Suppress on behalf of Mr. Morales. The Motion to Suppress challenged the police's search of the Mr. Morales' cell phone. The State did not oppose the Motion to Suppress in light of the Delaware Supreme Court's recent decision in *Buckham v. State*.[3] This Court granted the Motion to Suppress the information obtained from the search of Mr. Morales' cell phone.

---

[1] Mot. to Withdraw as Counsel for Petitioner Manlio Morales at p. 4.
[2] *Id.*
[3] *Buckham v. State*, 185 A.3d 1 (Del. 2018).

On September 11, 2018, the day of Trial, Mr. Morales appeared in this Court and pled guilty pursuant to a plea agreement. Under the plea agreement, Mr. Morales would plead guilty to Drug Dealing in a Tier Four Quantity and Conspiracy in the Second Degree in exchange for the States' recommendation that Mr. Morales serve reduced sentences. For the Drug Dealing charge, the State recommended that, instead of serving between eight to fourteen years at Level V incarceration, Mr. Morales would instead serve five and a half years of Level V incarceration followed by eighteen months of Level III probation. For the felony Conspiracy charge, Mr. Morales would, instead of serving two years of Level V incarceration, only serve one year of Level III probation. In sum, in exchange for pleading guilty, Mr. Morales would receive a recommendation from the State that he should serve only five and a half years of incarceration followed by two and a half years of probation.

This Court followed the parties' recommendation pursuant to the plea agreement. However, this Court departed from the parties' recommendation as to the total Level V time imposed in connection with the Drug Dealing conviction. While the plea agreement called for a total sentence of twenty-five years of Level time (pre-suspension), this Court imposed only a total of fifteen years. In this way, the Court reduced Mr. Morales' potential exposure to additional incarceration if he should violate his probation subsequent to his release.

Mr. Morales did not appeal his conviction to the Delaware Supreme Court. On December 10, 2018, three months after this Court sentenced Mr. Morales, Mr. Morales filed a motion seeking reduction or modification of his sentence. On December 20, 2018, this Court denied Mr. Morales' motion as the sentence was and still is appropriate for all the reasons stated at the time it was imposed. On January 7, 2019, Mr. Morales again wrote this Court and sought modification of his sentence. Not only was the request made more than ninety days after the imposition and time-barred, as well as being repetitive due to his December 10 motion for modification, Mr. Morales' request lacked credibility. As such, this Court denied Mr. Morales' request.

On August 8, 2019, Mr. Morales filed a timely *pro se* Motion for Postconviction Relief and Motion for Appointment of Counsel. On August 21, 2019, this court granted the Motion for Appointment of Counsel. Mr. Benjamin S. Gifford IV, Esquire ("Postconviction Counsel") was subsequently assigned to represent Mr. Morales.

## PARTIES' ASSERTIONS

In his *pro se* Motion for Postconviction Relief (the "Motion"), Mr. Morales raises three claims: (1) Trial Counsel erred by failing and refusing to inform the Court that Mr. Morales is "legally mentally disabled and have been for over [twenty] years" and thus his case should have been moved to Mental Health Court; (2) Trial

Counsel coerced Mr. Morales into taking the guilty plea; and (3) Trial Counsel provided ineffective assistance of counsel for failing to request a mental health evaluation and failed to file a suppression motion that challenged the actions of the police antecedent to the traffic stop.

In the Affidavit of Defense Counsel, Trial Counsel states that: (1) given the quantity of drugs involved in this case, there was never any possibility that Mr. Morales would be considered for Mental Health Court; (2) Trial Counsel did not coerce Mr. Morales to plead guilty; and (3) Trial Counsel determined that there was reasonable articulable suspicion to stop the motor vehicle and that a Motion to Suppress would be ill-considered.

In the State's Response to Defendant's Motion for Postconviction Relief, the State contends that Mr. Morales: (1) waived any defects that existed prior to his plea at the time he voluntarily pled guilty and (2) failed to establish how Trial Counsel's representation fell below an objective standard of reasonableness or that the results of the proceeding would have been different but-for Trial Counsel's alleged unprofessional errors.

In the Motion to Withdraw as Counsel for Petitioner Manlio Morales, Postconviction Counsel states that he "cannot ethically advance any postconviction claims on behalf of Mr. Morales."

## DISCUSSION

In this case, Mr. Morales pled guilty knowingly, intelligently, and voluntarily to Drug Dealing in a Tier Four Quantity and Conspiracy in the Second Degree. It is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, "even those of constitutional dimensions."[4]

These rights include the right: (1) to have a lawyer represent the defendant at trial; (2) to be presumed innocent until the State can prove each and every part of the charge(s) against the defendant beyond a reasonable doubt; (3) to a speedy and public trial by jury; (4) to hear and question the witnesses against the defendant; (5) to present evidence in the defendant's defense; (6) to testify or not testify; (7) to appeal, if convicted, to the Delaware Supreme Court with the assistance of a lawyer.[5] Furthermore, a defendant's valid guilty plea waives any right to challenge the strength of the State's evidence.[6]

The Court must first address Mr. Morales' Motion in regard to Rule 61(i) procedural requirements before assessing the merits of his motion.[7]

---

[4] *Wilson v. State,* 2010 WL 572114, at *2 (Del. 2010) (*quoting Smith v. State,* 2004 WL 120530, at *1 (Del. 2004)).
[5] *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. 2015).
[6] *Brown v. State,* 108 A.3d 1201, 1202 (Del. 2015).
[7] Super. Ct. Crim. R. 61(i)(1).

6

## A. Initial Procedural Analysis

Rule 61(i)(1) bars motions for postconviction relief if the motion is filed more than one year from final judgment. Mr. Morales' Motion is not time barred by Rule 61(i)(1). Rule 61(i)(2)[8] bars successive postconviction motions, which is also not applicable as this is Mr. Morales' first postconviction motion. Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[9] This bar is not applicable as Mr. Morales' arguments primarily allege Ineffective Assistance of Counsel – which could not have been raised in any direct appeal.[10] Finally, Rule 61(i)(4) bars relief if the motion is based on a formally adjudicated ground.[11] This bar is also not applicable to Mr. Morales' Motion.

## B. Substantive Analysis Standard

Mr. Morales has raised three claims of ineffective assistance of counsel. Delaware adopted the two-prong test proffered in *Strickland v. Washington* to evaluate ineffective assistance of counsel claims.[12] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness, and that there is a

---

[8] Super. Ct. Crim. R. 61(i)(2).
[9] Super. Ct. Crim. R. 61(i)(3).
[10] *See State v. Berry*, 2016 WL 5624893, at *4 (Del. Super. 2016); *see also Watson v. State*, 2013 WL 5745708, at *2 (Del. 2013).
[11] Super. Ct. Crim. R. 61(i)(4).
[12] *See Strickland v. Washington*, 466 U.S. 668 (1984); *see also Albury v. State*, 551 A.2d 53 (Del. 1988).

reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[13] The Court's "review of counsel's representation is subject to a strong presumption that representation was professionally reasonable."[14] The "benchmark for judging any claim of ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[15] Furthermore, because Mr. Morales pled guilty, Mr. Morales "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[16]

1. **Ineffective Assistance of Counsel for Alleged Failure to Request Mental Health Evaluation and Transfer This Case to Mental Health Court**

In his first claim, Mr. Morales argues that Trial Counsel provided ineffective assistance of counsel for "failing and refusing to inform the Court that the defendant is legally mentally disabled and have been for over [twenty] years." Also relevant here, in his third claim, Mr. Morales claims that Trial Counsel was ineffective for failing to request a mental health evaluation.

---

[13] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990); *see also Strickland v. Washington*, 466 U.S. 668 (1984).
[14] *Id.*
[15] *State v. Wright*, 2015 WL 648818, (Del. Super. 2015) (citations omitted).
[16] *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

"[A] Court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[17] To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[18]

Mr. Morales has not established that there was a reasonable probability, had (1) Trial Counsel ordered a mental health evaluation and (2) informed the Court that Mr. Morales is "legally mentally disabled" and thus should have his case adjudicated in Mental Health Court, the result of the proceeding would have been different or that he would not have pled guilty.

First, according to *State v. Love*, "even when a defendant is eligible [for entry into Mental Health Court], it is a collaborative decision of all parties - not defense counsel's alone- to place his matter there."[19] The Department of Justice must consent to the entry of a defendant into Mental Health Court. In an email exchange in this matter between Postconviction Counsel and the Deputy Attorney General, the prosecutor assigned to the case confirmed that, due to the amount of cocaine (two kilos or two thousand grams) and the SENTAC guidelines, the prosecutor would not

---

[17] *Strickland*, 466 U.S. at 697.
[18] *Id.* at 694.
[19] *State v. Love*, 2016 WL 1627721, at *2 (Del. Super. 2016).

be willing to transfer this case into Mental Health Court.[20] Thus, it appears that it would be very unlikely for Mr. Morales to have his case transferred to Mental Health Court.

Next, Mr. Morales' claim regarding the mental health evaluation involves a question of competency. The legal standard for competency is a stringent one: the defendant must: (1) have the capacity to consult with his attorney rationally; (2) have a factual understanding of the proceedings against him; and (3) be able to assist in his own defense.[21]

Through the Affidavit of Defense Counsel, it is shown that Mr. Morales had the capacity to consult with Trial Counsel rationally, Mr. Morales had a factual understanding of the proceedings against him, and that he was able to assist in his own defense. Mr. Morales had communicated with Trial Counsel on various occasions and advised Trial Counsel as to what should be done and how the case should be handled. Mr. Morales requested Trial Counsel to, which involves the second IAC claim below, file a Motion to Suppress based on law enforcement's conduct prior to the traffic stop. Mr. Morales informed Trial Counsel that he believed certain suppression motions and motions for reduction of bail should be filed on his behalf. Mr. Morales also indicated that he had a witness that would testify favorably

---

[20] Mot. to Withdraw as Counsel for Petitioner Manlio Morales, Ex. A. (Email exchange, dated May 12, 2020).
[21] *State v. Leatherberry*, 2018 WL 2733367, at *3 (Del. Super. 2018).

for him. After consideration of this information, there is no issue concerning Mr. Morales' competency.

Moreover, without an allegation that Mr. Morales would not have pled guilty but for counsel's alleged errors, Mr. Morales cannot succeed on any claim of ineffective assistance of counsel after entering a guilty plea.[22] Thus, Mr. Morales' claim of Ineffective Assistance of Counsel for Alleged Failure to Request Mental Health Evaluation and Transfer this Case to Mental Health Court is without merit.

## 2. Ineffective Assistance of Counsel for Allegedly Coercing Defendant into Accepting Guilty Plea

In his second claim, Mr. Morales argues that Trial Counsel provided ineffective assistance of counsel for coercing him into entering into the guilty plea agreement. Mr. Morales argues that Trial Counsel presented him with a note from his girlfriend that told him to accept the deal and that Trial Counsel told him that he would not represent him at trial if he did not accept the plea agreement.

There is no evidence that Trial Counsel coerced or otherwise pressured Mr. Morales to enter into the guilty plea agreement. Absent clear and convincing evidence to the contrary, the Delaware Supreme Court has held that a defendant is

---

[22] *Grosvenor v. State*, 849 A.2d 33, 35 (Del. 2004), citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

11

bound by the representations made on the Truth in Sentencing Plea Form and during the guilty plea colloquy.[23] At the plea colloquy, the defendant testified as follows:

> Q: Is it your intention to enter a plea freely and voluntarily?
> A: Yes, Sir.
> Q: Has anyone forced you to enter this plea?
> A: No.[24]

The TIS form likewise evidences that Mr. Morales was not coerced into entering into the plea agreement. The TIS form asks, "Has your lawyer, the state, or anyone threatened you or forced you to into this plea?" Mr. Morales indicated "No."[25] The TIS form also asks "Are you satisfied with your lawyer's representation of you, and that your lawyer has fully advised you of your rights?" Mr. Morales indicated "Yes."[26]

Trial Counsel's conduct, in sharing the note written by Mr. Morales' girlfriend that told him to accept the deal, did not constitute coercion on Trial Counsel's part. Trial Counsel merely conveyed the note. Without deficient performance on Trial Counsel's part, Mr. Morales' claim here fails.

### 3. Ineffective Assistance of Counsel for Alleged Failure to File a Suppression Motion Regarding Law Enforcement's Conduct Antecedent to the Traffic Stop

---

[23] *Palmer v. State*, 2002 WL 31546531, at *1 (Del. 2002) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).
[24] Plea and Sentencing Trans. at p. 6.
[25] Truth in Sentencing Form (September 11, 2018).
[26] *Id.*

In his third claim, Mr. Morales argues that Trial Counsel provided ineffective assistance of counsel for failing to file a Suppression Motion regarding the stopping of the motor vehicle.

A voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea.[27] This includes any claims that counsel failed to file a Motion to Suppress.[28] As a result, Mr. Morales' claim for ineffective assistance of counsel for an alleged defect prior to the entry of his guilty plea is waived.

Moreover, even if his claim was not waived, Mr. Morales' claim has no merit without an allegation that Mr. Morales would not have pled guilty, but-for counsel's alleged errors. As a result, Mr. Morales cannot succeed on this claim of ineffective assistance of counsel after entering a guilty plea.[29]

**CONCLUSION**

After careful consideration of the papers and the record, it is determined that Mr. Morales' Motion for Postconviction Relief, based on ineffective assistance of counsel, is without merit. Mr. Morales' claims are either waived, do not demonstrate that trial counsel acted outside the *Strickland* standard of reasonableness, or do not

---

[27] *Cooper v. State*, 2008 WL 2410404, at *1 (Del. 2018); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).
[28] *Id.*
[29] *Grosvenor v. State*, 849 A.2d 33, 35 (Del. 2004), citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

establish that the result would have been different but-for these alleged errors by Trial Counsel. Mr. Morales knowingly, intelligently, and voluntarily plead guilty to the charges on September 11, 2018. Accordingly, Mr. Morales' Motion for Postconviction Relief is **DENIED**.

   **IT IS SO ORDERED.**

/s/ Calvin L. Scott
The Honorable Calvin L. Scott, Jr.
